**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| ERIN K. MONTGOMERY,<br><br>    *Plaintiff*,<br><br>    v.<br><br>IRON ROOSTER – ANNAPOLIS, LLC,<br>CARL WERNER, PETER DAMON, and<br>KYLE ALGAZE<br><br>    *Defendants/Third-Party Plaintiffs*,<br><br>    v.<br><br>DOUGLAS S. DEGLER,<br>125 Pennick Drive<br>Stevensville, Maryland 21666<br><br>    *Third-Party Defendant*. | Civil Action No. 1:16-cv-03760-RDB |

## THIRD-PARTY COMPLAINT

Defendants/Third-Party Plaintiffs Iron Rooster – Annapolis, LLC, Carl Werner, Peter Damon, and Kyle Algaze (all collectively, "Defendants" or "Third-Party Plaintiffs"), by and through undersigned counsel, and pursuant to Rule 14 of the Federal Rules of Civil Procedure, hereby file this Third-Party Complaint against Third-Party Defendant Douglas S. Degler, and state as follows:

### Parties

1.  Defendant/Third-Party Plaintiff Iron Rooster – Annapolis, LLC ("Iron Rooster – Annapolis") is a Maryland limited liability company that owns and operates a restaurant called "Iron Rooster" in Annapolis, Maryland (the "Annapolis Restaurant").

2. Defendant/Third-Party Plaintiff Carl Werner ("Werner") is an individual residing in Anne Arundel County, Maryland and an owner of Iron Rooster – Annapolis.

3. Defendant/Third-Party Plaintiff Peter Damon ("Damon") is an individual residing in Anne Arundel County, Maryland and an owner of Iron Rooster – Annapolis.

4. Defendant/Third-Party Plaintiff Kyle Algaze ("Algaze") is an individual residing in Anne Arundel County, Maryland and an owner of Iron Rooster – Annapolis.

5. Third-Party Defendant Douglas S. Degler ("Degler") is an individual residing, upon information and belief, in Queen Anne's County, Maryland.

6. Plaintiff Erin K. Montgomery ("Montgomery") is an individual residing, upon information and belief, in Anne Arundel County, Maryland.

**Jurisdiction and Venue**

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. This Court has personal jurisdiction over Degler pursuant to Rule 4 of the Federal Rules of Civil Procedure and Md. Code Ann., Cts. & Jud. Proc. § 6-102 because he is domiciled in the State of Maryland.

**Facts Common to All Counts**

10. In or around October 2014, Iron Rooster – Annapolis opened the Annapolis Restaurant for business.

11. Montgomery was an employee of Iron Rooster – Annapolis from on or around November 1, 2014 until on or around November 13, 2015.

12. On or around March 28, 2015, Iron Rooster – Annapolis hired Degler into the position of General Manager of the Annapolis Restaurant.

13. Degler remained in the position of General Manager of the Annapolis Restaurant until on or about March 3, 2016.

14. As General Manager of the Annapolis Restaurant, Degler was the decision maker regarding day-to-day activities within the Annapolis Restaurant.

15. Degler's duties as General Manager included, but were not limited to, the following: approving all employee schedules at the Annapolis Restaurant; approving all hiring and firing decisions at the Annapolis Restaurant; managing labor at the Annapolis Restaurant; viewing daily labor reports, including clock-in and clock-out status, at the Annapolis Restaurant; and communicating with the Annapolis Restaurant staff regarding money-related issues including, but not limited to, cashing out and tip pooling.

16. During the time when Degler and Montgomery were both employed by Iron Rooster – Annapolis, Montgomery reported to and worked under Degler. Degler was responsible for, among other things, supervising Montgomery's work; reviewing reports reflecting the number of hours Montgomery worked; monitoring and controlling labor costs; setting and/or approving Montgomery's work schedule; and otherwise performing management functions associated with Iron Rooster – Annapolis's employment relationship with Montgomery.

17. On October 5, 2016, Montgomery filed suit in the Circuit Court for Baltimore City against Defendants Iron Rooster – Annapolis, Werner, Damon, and Algaze, but not Degler.

18. Montgomery's Complaint includes four (4) counts for relief asserted against all Defendants: Count I – Violation of the Maryland Wage and Hour Law (the "MWHL"); Count II – Violation of the Fair Labor Standards Act (the "FLSA"); Count III – Violation of the Maryland Wage Payment and Collection Law (the "MWPCL"); and Count IV – Breach of Contract.

19.     In her Complaint, Montgomery seeks to recover unpaid wages under the four alternate theories enumerated in Paragraph 18, as well as exemplary damages and attorneys' fees.

20.     The factual basis for the relief sought by Montgomery is that Defendants Iron Rooster – Annapolis, Werner, Damon, and Algaze were all, allegedly, employers and, therefore, are jointly and severally liable for the damages sought by Montgomery.

21.     On November 21, 2016, Defendants timely removed Montgomery's Maryland state court action to this Court.

## COUNT I
### (Contribution)

22.     Third-Party Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 21, as if fully set forth herein.

23.     Montgomery was an employee of Iron Rooster – Annapolis from November 1, 2014 to November 13, 2015.

24.     From March 28, 2015 to November 13, 2015, Degler was Montgomery's employer under the FLSA, the MWHL, and the MWPCL.

25.     During that time, Degler was responsible for, among other things, approving all employee schedules at the Annapolis Restaurant; approving all hiring and firing decisions at the Annapolis Restaurant; managing labor at the Annapolis restaurant; viewing daily labor reports, including clock-in and clock-out status, at the Annapolis Restaurant; and communicating with the Annapolis Restaurant staff regarding money-related issues including, but not limited to, cashing out and tip pooling.

26.     Montgomery filed this action against Iron Rooster – Annapolis, Werner, Damon, and Algaze, but not Degler, even though he was Montgomery's employer during more than half of her term of employment with Iron Rooster – Annapolis.

27.     The Maryland Uniform Contribution Among Joint Tortfeasors Act ("UCATA") provides for a "right of contribution … among joint tort-feasors." Md. Code Ann., Cts. & Jud. Proc. § 3-1402.

28.     If judgment in this action is entered in favor of Montgomery and against any one or more of Defendants/Third-Party Plaintiffs Iron Rooster – Annapolis, Werner, Damon, and/or Algaze, Degler is jointly liable for his pro rata share of that judgment.

WHEREFORE, Third-Party Plaintiffs Iron Rooster – Annapolis, LLC, Carl Werner, Peter Damon, and Kyle Algaze demand judgment against Third-Party Defendant Douglas S. Degler in an amount to be determined at trial, plus interests, attorneys' fees and costs, and any such other relief that the Court deems just and proper.

## COUNT II
### (Indemnification)

29.     Third-Party Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 28, as if fully set forth herein.

30.     Montgomery was an employee of Iron Rooster – Annapolis from November 1, 2014 to November 13, 2015.

31.     From March 28, 2015 to November 13, 2015, Degler was Montgomery's employer under the FLSA, the MWHL, and the MWPCL.

32.     During that time, Degler was responsible for, among other things, approving all employee schedules at the Annapolis Restaurant; approving all hiring and firing decisions at the Annapolis Restaurant; managing labor at the Annapolis Restaurant; viewing daily labor reports, including clock-in and clock-out status, at the Annapolis Restaurant; and communicating with the Annapolis Restaurant staff regarding money-related issues including, but not limited to, cashing out and tip pooling.

33. Defendants/Third Party Plaintiffs Werner, Damon, and Algaze have denied and continue to deny that any one or more of them was Montgomery's employer under the FLSA, the MWHL, or the MWPCL.

34. Montgomery filed this action against Iron Rooster – Annapolis, Werner, Damon, and Algaze, but not Degler, even though he was Montgomery's employer during more than half of her term of employment with Iron Rooster – Annapolis.

35. If judgment in this action is entered in favor of Montgomery and against any one or more of Defendants/Third-Party Plaintiffs Werner, Damon, and/or Algaze, Degler will be personally liable to Defendants/Third-Party Plaintifffs Werner, Damon, and/or Algaze for some or all of that judgment.

WHEREFORE, Third-Party Plaintiffs Carl Werner, Peter Damon, and Kyle Algaze demand judgment against Third-Party Defendant Douglas S. Degler in an amount to be determined at trial, plus interests, attorneys' fees and costs, and any such other relief that the Court deems just and proper.

Dated: December 12, 2016

Respectfully submitted,

 /s/ *Sima G. Fried*
Francis R. Laws (Fed. Bar No. 02596)
flaws@tandllaw.com
Sima G. Fried (Fed. Bar No. 03564)
sfried@tandllaw.com
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202
Tel:    410.752.2468
Fax:   410.752.0979

*Attorneys for Defendants/Third-Party Plaintiffs Iron Rooster – Annapolis, LLC, Carl Werner, Peter Damon, and Kyle Algaze*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of December, 2016, the foregoing document was filed electronically and is available for viewing via the Court's CM/ECF system. The following persons will be served electronically:

John M. Singleton, Esquire
The Singleton Law Group
101 West Ridgely Road, Suite 3A
Lutherville, Maryland 21093
jsingleton@singleton-law.com

*Attorney for Plaintiff Erin K. Montgomery*

/s/
Sima G. Fried, Esquire