IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ERIN K. MONTGOMERY, | * |
| Plaintiff, | * |
| v. | * |
| IRON ROOSTER – ANNAPOLIS, LLC, CARL WERNER, PETER DAMON, and KYLE ALGAZE, | *   Civil Action No. RDB-16-3760 |
| Defendants/Third-Party Plaintiffs, | * |
| v. | * |
| DOUGLAS S. DEGLER, *pro se*, | * |
| Third-Party Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Erin K. Montgomery ("Montgomery" or "Plaintiff") filed a complaint in the Circuit Court for Baltimore City, Maryland against her former employer Iron Rooster – Annapolis, LLC ("Iron Rooster"), Carl Werner ("Werner"), Peter Damon ("Damon"), and Kyle Algaze ("Algaze)[1] (collectively, "Defendants" or "the owners") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl., § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., § 3-501, *et seq.* ("MWPCL") seeking to

---

[1] Werner, Damon, and Algaze are co-owners of the Iron Rooster. (ECF No. 10 at ¶¶ 2-4.)

1

recover unpaid wages, statutory damages, and related relief.[2] (ECF No. 2.) Defendants filed a timely Notice of Removal to this Court based on the federal question among Plaintiff's claims. (ECF No. 1.)

On December 12, 2016, the Defendants filed a Third-Party Complaint in this Court against Douglas S. Degler ("Degler" or "Third-Party Defendant") alleging that Degler—as General Manager of Iron Rooster during Montgomery's employment—was Montgomery's employer, and is jointly and severally liable for the damages sought by Montgomery under theories of contribution and indemnification. (ECF No. 10.)

Currently pending before this Court is Third-Party Defendant Degler's *pro se* Motion to Dismiss Defendants'/Third-Party Plaintiffs' Third-Party Complaint or, in the alternative, for Summary Judgment. ("Degler's Motion") (ECF No. 15.)[3] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Third-Party Defendant Degler's Motion (ECF No. 15) is GRANTED, and summary judgment shall be ENTERED in favor of Degler on all counts of the Third-Party Complaint (ECF No. 10).

## BACKGROUND

Third-Party Plaintiff Iron Rooster is a Maryland limited liability company that owns and operates a restaurant called "Iron Rooster" in Annapolis, Maryland. (ECF No. 10 at ¶ 1.) Third-Party Plaintiffs Werner, Damon, and Algaze are all individual owners of Iron Rooster.

---

[2] Plaintiff also included a breach of contract claim in her Complaint (ECF No. 2), but that claim is beyond the scope of this Opinion, and it will not be discussed herein.

[3] Because Degler's Motion relies on documentary evidence not integral to the Third-Party Complaint, the Court will only address his Motion for Summary Judgment.

(*Id.* at ¶¶ 2-4.)  Unlike the individual defendants named in the underlying Complaint in this case, Third-Party Defendant Degler is <u>not</u> an owner of Iron Rooster, but worked as general manager in the restaurant from March 28, 2015 until March 3, 2016. (*Id.* at ¶¶ 12-13.) Original Plaintiff Montgomery was an employee of Iron Rooster from November 1, 2014 until November 13, 2015. (*Id.* at ¶ 11.)

In their Third-Party Complaint against Degler, Third-Party Plaintiffs allege that, as general manager of the restaurant for several months while Montgomery was an employee, Degler was responsible for "supervising Montgomery's work; reviewing reports reflecting the number of hours Montgomery worked; monitoring and controlling labor costs; setting and/or approving Montgomery's work schedule; and otherwise performing management functions associated with [Iron Rooster]'s employment relationship with Montgomery." (*Id.* at ¶ 16.)  Thus, Third-Party Plaintiffs allege that if a judgment is entered in favor of Montgomery in the pending suit, then Degler is "jointly liable for his pro rata share of that judgment," and "he will be personally liable to Defendants/Third-Party Plaintiffs Werner, Damon, and/or Algaze for some or all of that judgment." (*Id.* at ¶¶ 28, 35.)

Degler filed the pending *pro se* Motion to Dismiss and/or for Summary Judgment (ECF No. 15), alleging that he "did not supervise or control the day-to-day activities of Montgomery who was a bartender . . . supervised by the Bar Manager" during their overlapping employment period from March 28, 2015 to November 13, 2015. (ECF No. 15 at ¶¶ 3-4.)  In support of his Motion, Degler has attached a copy of a Settlement Agreement he entered into with Iron Rooster arising out of a case which Degler himself filed against Iron Rooster alleging that it had failed to pay him wages to which he was entitled.  (*Id.* at ¶¶

5-6; ECF No. 15-1.) Degler has also submitted a sworn affidavit in support of his Motion. (ECF No. 15-2.)

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot

create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

## ANALYSIS

Degler argues that he is entitled to Summary Judgment because he was not Montgomery's employer and did not supervise or control her day-to-day activities. (ECF No. 15 at ¶¶ 3-4.)

In opposition, Third-Party Plaintiffs argue that Degler should be held liable as Montgomery's joint employer because Montgomery "reported to and worked under Degler." (ECF No. 10 at ¶ 16.) Third-Party Plaintiffs assert because that Degler supervised Montgomery's work, reviewed reports of her hours worked, set and approved her work schedule, and performed other management functions "associated with [Iron Rooster]'s employment relationship with Montgomery," Degler may be liable, under theories of indemnification and contribution, for any judgment entered in favor of Montgomery. (*Id.* at ¶¶ 16, 28, 35.)

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203 (d). To determine whether an individual is an employer for purposes of the FLSA, courts look to "the economic realities of the relationship between the employee and the putative employer." *Caseres v. S&R Mgt. Co., LLC,* AW-12-1358, 2012 WL 5350561, at *3 (D. Md. Oct. 24, 2012).[4] This "economic realities" test looks to a number of factors, including whether the

---

[4] Given that the Maryland Wage and Hour law ("MWHL") is the "State parallel" to the FLSA, it is appropriate to assess an individual's liability as an "employer" for overtime and minimum wage violations

5

putative employer is someone who "(1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3) determines the rate and method of payment; and (4) maintains employment records." *Khalil v. Subway of Arundel Mills Office Park, Inc.*, CCB-09-158, 2011 WL 231793, at *2 (D. Md. Jan. 24, 2011). No single factor is dispositive; rather, the totality of the circumstances must be considered. *Iraheta v. Lam Yuen, LLC*, DKC 12-1426, 2012 WL 5995689, at *10 (D. Md. Nov. 29, 2012). "The economic reality of an individual's status as an employer may be determined by examining a number of factors—such as the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Gionfriddo v. Jason Zink, LLC*, RDB-09-1733, 769 F. Supp. 2d 880, 890 (D. Md. 2011).

While certain factors of the economic realities test do suggest that Degler could be held liable as a joint employer under the FLSA, the totality of the circumstances indicates that Degler's *operational acts* did not amount to the type of *managerial control* to establish him as an employer for purposes of the FLSA. The record in this case reflects that Degler was a mere employee (agent) of Iron Rooster and its owners (principals) and at all times subject to their ultimate managerial control. Moreover, there is no indication that Degler had any financial interest in Iron Rooster other than as an employee. *See Gionfriddo*, 769 F.Supp.2d at 890.[5] Indeed, the Settlement Agreement between Degler and Iron Rooster confirms the nature of the relationship between Degler and Iron Rooster: the document expressly refers

---

under the same economic realities test used in the FLSA context. *Iraheta v. Lam Yuen, LLC*, DKC 12-1426, 2012 WL 5995689, at *4 (D. Md. Nov. 29, 2012) (quoting *Friolo v. Frankel*, 373 Md. 501, 513 (2003).

[5] This may explain why only Werner, Damon, and Algaze were named as individual defendants in Montgomery's underlying Complaint. (ECF No. 2.)

to Degler as an "Employee" and to Iron Rooster as "Employer." (ECF No. 15-1 at 1; ECF No. 15-2.) While the affidavit of Kyle Algaze bolsters Third-Party Plaintiffs' allegation that Degler exercised operational authority over Montgomery, the affidavit fails to raise any genuine issue of material fact regarding Degler's status as mere agent of Iron Rooster. Thus, the totality of the circumstances in this case indicates that Degler was not Montgomery's employer.[6] Accordingly, Degler's Motion for Summary Judgment (ECF No. 15) as to the Third-Party Complaint shall be GRANTED.[7]

## CONCLUSION

For the reasons stated above, Third-Party Defendant's Motion for Summary Judgment (ECF No. 15) is GRANTED, and summary judgment shall be ENTERED in favor of Degler on all counts of the Third-Party Complaint (ECF No. 10).

A separate Order follows.

Date: March 20, 2017                                          _____/s/_____
                                                              Richard D. Bennett
                                                              United States District Judge

---

[6] Additionally, even if Degler could be held liable as an employer under the FLSA (which he cannot), the record reflects that at all times pertinent to this case, Degler was acting as an agent on behalf of his employer, Iron Rooster. Thus, Iron Rooster would be ultimately liable for Degler's actions under well-established principles of *respondeat superior*.

[7] The Court notes that Third-Party Plaintiffs also rely on Maryland's Uniform Contribution Among Joint Tortfeasor's Act ("UCATA"), Md. Code Ann., Cts. & Jud. Proc. § 3-1402. (ECF No. 16 at 3.) However, Third-Party Plaintiffs' reliance on this provision (which relates to state-law tort claims) is misplaced in the instant case, which is based on alleged federal and state statutory violations.